## C. FITCH BISSELL *vs.* WILLIAM B. MORGAN.

In an action on a promissory note payable to bearer, the defendant having proved that the note was obtained by false representations, the burden is upon the plaintiff to show that he was a *bonâ fide* holder, and not the person to whom the note was originally given.

THIS was an action of contract commenced April 16th, 1852, to recover the amount of a promissory note dated October 7th, 1851, and payable to the bearer by the 1st day of January, 1852.

The defendant's answer admitted that he made the note, and alleged that the same was given to one whose name was unknown to him, for a stove which he was solicited to take upon trial, and which was to be retained and paid for, or redelivered at the defendant's option; that said note was not to be binding unless the defendant should decide to keep said stove, and that upon trial he decided not to keep the same, but has always been ready to redeliver the same when called for; also that said note was obtained by false pretences, and that the plaintiff was not a *bonâ fide* holder of the same without notice of the defence to said note. There was no allegation in the answer that the stove was warranted, or that said note had not been transferred. James Morgan testified

at the trial in the court of common pleas, that two persons,
both of whom were unknown to him, urged the defendant to
take upon trial a stove which they offered for sale at the de-
fendant's house in Wilbraham.    The defendant took the
stove and gave the note on which the suit was brought, with
the agreement that if the defendant was dissatisfied with the
stove, and should decide not to keep it, they would take it
back whenever they should come to demand payment of the
note.    The stove was warranted not to crack, but it did crack
before the note fell due; after the note had fallen due, another
person (not one of those who offered the stove for sale) who
was also unknown to the witness, presented the note for pay-
ment, which was refused because the defendant was dis-
satisfied with the stove; and the conditions upon which the
note was given were repeated, but the man who presented the
note said he knew nothing about the stove, that he had the
note and should collect it, and should have it sued if it was
not paid.    The plaintiff objected to all the evidence as incom-
petent, as it did not appear that the defence to the note
applied to the plaintiff.    *Hoar*, J. ruled that if the consider-
ation of the note was the sale of a stove, upon the condition
that the defendant might return it, and rescind the contract
whenever payment of the note should be demanded, at the
option of the defendant, and if when the note was presented
the defendant elected to rescind the contract, and offered to
return the stove, there would be such a failure of considera-
tion as would constitute a defence to the action, if brought
by the person to whom the note was originally given.    That
the note being negotiable, and given upon time, the defend-
ant could not avail himself of this defence against a third
person, who took the note in good faith for a valuable con-
sideration without notice; that there being no evidence as
to when the note was negotiated, the presumption would
be, if found in the possession of a third person, that it was
negotiated about the time of its date, before it was due, and
it would be for the defendant to show that it was not taken
for a valuable consideration, or that the holder had notice
of any condition or equity affecting it; but that before the

plaintiff could avail himself of the protection given by the law to the *bonâ fide* holder of negotiable paper, it must appear by some proof or presumption that the plaintiff was *a third person*, and not the man to whom the note was originally given ; and it was left to the jury as a question of fact, upon which the burden of proof was upon the plaintiff, to determine whether C. F. Bissell, the plaintiff, was the man to whom the note was originally given, or another man. The jury found a verdict for the defendant, and the plaintiff excepted to the last ruling as to the burden of proof.

*J. M. Stebbins*, for the plaintiff.

*H. Morris*, for the defendant.

Dewey, J. The only ruling that seems to be objected to is that as to the burden of proof, upon the question whether the plaintiff was the person to whom the note was originally given, or a subsequent holder. This became material in the course of the trial, as the defendant sought to impeach the consideration of the note, or to show such false representations, or breach of warranty as would defeat a recovery by the original payee. The plaintiff has the general burden of maintaining his right to recover in the action. He produces a note payable to bearer merely, and thereupon the defendant shows certain facts, as want of consideration and fraudulent representations in procuring the note, all which may constitute a good defence to the note if held by the original payee until after overdue. The plaintiff seeks to avoid this defence by alleging that he is not the original holder, but a *bonâ fide* purchaser of the same before it became due, and so not affected by the equities which might be urged against the original payee. Relying upon this fact as material to his case, he must prove it. Ordinarily the fact would sufficiently appear by the name of the original payee differing from that of the plaintiff; but in a case like the present, of a note payable merely to bearer, no presumption of that kind arises, and the plaintiff by some competent evidence must prove the fact that he is a subsequent holder and not the individual to whom the note was originally given.

In the opinion of the court, the ruling as to the burden of proof upon this point was correct. *Exceptions overruled.*